UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DE'AUNTAYE WHITE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cv-01156-SEB-DLP ) |
| PAUL TALBOT, | ) ) |
| Defendant. | ) |

**Order Granting Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff De'Auntaye White, an inmate at the Pendleton Correctional Facility ("PCF"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendant Dr. Paul Talbot exhibited deliberate indifference to his back pain in violation of his Eighth Amendment rights. Dr. Talbot moves for summary judgment on this claim and Mr. White has responded. For the following reasons, Dr. Talbot's motion for summary judgment is **granted**.

**I. Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). The moving party is entitled to summary judgment if no reasonable

fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 573-74 (7th Cir. 2017).

Mr. White responded to the motion for summary judgment, but he did not submit evidence or identify parts of the record to support his claims. Accordingly, the facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"); *Brasic v. Heinemanns, Inc.*, 121 F.3d 281, 285-286 (7th Cir. 1997) (affirming grant of summary judgment where the nonmovant failed to properly offer evidence disputing the movant's version of the facts). This does not alter the summary judgment standard, but it does "[r]educ[e] the pool"

from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

**II. Facts**

Mr. White was transferred to PCF on January 12, 2015. Dkt. 54-2, p. 13. He has been incarcerated at the PCF during all relevant times covered in his Complaint. *Id.*

Mr. White alleges that he has been complaining of back pain since 2015. Dkt. 1, p. 4; Dkt. 54-2, p. 21-22. But his available medical records indicate that the earliest he complained of back pain was March of 2018. Dkt. 48-2, p 339.

Dr. Talbot first saw Mr. White for his complaints of back pain on April 18, 2018.[1] Dkt. 48-1, ¶ 8. Dr. Talbot assessed Mr. White's back during this visit. *Id.* Mr. White stated that he first injured his back in a 2009 motor vehicle accident. *Id.* Despite Mr. White's complaints of pain, Dr. Talbot noted that he was able to remain active during his incarceration. *Id.*, ¶ 9.

Dr. Talbot ordered x-rays as a diagnostic tool to assess whether Mr. White had an identifiable injury causing pain. *Id.*, ¶ 10. Dr. Talbot reviewed Mr. White's ability to perform his activities of daily living and Mr. White indicated he could perform such activities. *Id.*, ¶ 9. Finally, to address Mr. White's complaints of pain, Dr. Talbot provided a one-month prescription for Mobic from April 20, 2018 to May 19, 2018. *Id.*, ¶¶ 10-11. Mobic, like Ibuprofen, is a non-steroidal anti-inflammatory drug often used as a pain reliever. *Id.*, ¶ 11.

Mr. White purchased 30 tablets of Ibuprofen from commissary in May or June of 2018. Dkt. 54-2, p. 30-31. This was the only time Mr. White purchased a painkiller from commissary. *Id.*, p. 31-32.

---

[1] Mr. White testified in his deposition that he spoke to Dr. Talbot in 2015. Dkt. 54-2, p. 22. But he did not elaborate on that assertion in his deposition or in response to the motion for summary judgment.

Dr. Talbot next saw Mr. White for his complaints of back pain on May 7, 2018. Dkt. 48-1, ¶ 12. Mr. White had back x-rays taken on April 24, 2018. *Id.* Dr. Talbot discussed Mr. White's x-ray results, which came back as negative for abnormalities. *Id.*, ¶ 13.

Dr. Talbot does not believe that further diagnostic testing, including an MRI, is necessary given the results of his assessments and Mr. White's x-ray results. *Id.*, ¶ 15. Dr. Talbot also does not believe that Mr. White is a candidate for a back brace given the lack of objective findings during either Mr. White's assessments or diagnostic testing. *Id.*

### III. Discussion

Dr. Talbot seeks summary judgment on Mr. White's claims arguing that he has not been deliberately indifferent to his back pain. At all times relevant to Mr. White's claim, he was a convicted offender. Accordingly, his treatment and the conditions of his confinement are evaluated under standards established by the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.").

Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning, they must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk. *Id.* at 837; *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). Dr. Talbot argues that Mr.

White does not suffer from an objectively serious medical condition and that he was not deliberately indifferent to it. Because the Court concludes that Dr. Talbot was not deliberately indifferent to Mr. White's condition, it need not address whether his back pain presented a serious medical need.

"[C]onduct is 'deliberately indifferent' when the official has acted in an intentional or criminally reckless manner, *i.e.*, "the defendant must have known that the plaintiff 'was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (*quoting Armstrong v. Squadrito*, 152 F.3d 564, 577 (7th Cir. 1998)). "To infer deliberate indifference on the basis of a physician's treatment decision, the decision must be so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment." *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006); *see also Plummer v. Wexford Health Sources, Inc.*, 609 Fed. Appx. 861, 2015 WL 4461297, *2 (7th Cir. 2015) (holding that defendant doctors were not deliberately indifferent because there was "no evidence suggesting that the defendants failed to exercise medical judgment or responded inappropriately to [the plaintiff's] ailments"). In addition, the Seventh Circuit has explained that "[a] medical professional is entitled to deference in treatment decisions unless no minimally competent professional would have [recommended the same] under those circumstances." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). "Disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." *Id.*

Here, it is undisputed that when Mr. White complained to Dr. Talbot of his back pain, Dr. Talbot ordered an x-ray and provided him with a one-month prescription for pain medication.

Because Mr. White's x-rays were negative and because Mr. White was able to perform his activities of daily living, Dr. Talbot did not believe that further diagnostic testing or a back brace were necessary. These facts show that Dr. Talbot exercised his professional judgment in treating Mr. White by evaluating his condition and determining the proper course of action. Mr. White asserts in his complaint that Dr. Talbot did not treat him and did not order an MRI, but he has presented no facts that would lead a reasonable jury to conclude that Dr. Talbot's decisions were "so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment." *Norfleet*, 439 F.3d at 396; *see also Pyles*, 771 F.3d at 411 ("An MRI is simply a diagnostic tool, and the decision to forego diagnostic tests is "a classic example of a matter for medical judgment."). Mr. White argues that another judge in another case ruled in his favor, but he does not explain that other case or how any determination in that case would support his claims in this case. In addition, Mr. White argues that Dr. Talbot did not help him "in the way [he] asked." Dkt. 53. But "[d]isagreement between a prisoner and his doctor … about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." *Pyles*, 771 F.3d at 409. In short, Dr. Talbot has shown as a matter of law that he was not deliberately indifferent to Mr. White's condition.

### IV. Conclusion

For the foregoing reasons, Dr. Talbot is entitled to judgment on Mr. White's claims. His motion for summary judgment, dkt. [46], is therefore **granted**. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 12/13/2019

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DE'AUNTAYE WHITE
248911
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel